# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Thomas Mitchell Stutts, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Warden Williams, )<br>)<br>Respondent. )<br>)<br>_____ ) | Civil Action No. 8:22-cv-03923-TMC<br><br>**ORDER** |

Petitioner Thomas Stutts, a state prisoner proceeding *pro se* and *in forma pauperis*, (ECF No. 10), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the petition be dismissed without prejudice and without requiring the respondent to file an answer or return. (ECF No. 7). Petitioner filed objections to the Report,[1] (ECF No. 15), and this matter is ripe for review.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C.

---

[1] Notably, the objections were untimely filed, as Petitioner acknowledges at the end of his objections. (ECF No. 15 at 13) (requesting an extension for filing his objections).

1

§ 636(b)(1).  Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]"  *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only").  Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his Petition and filings liberally in order to allow for the development of a potentially meritorious case.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally").  Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue."  *Elijah*, 66 F.4th at 460–61.  This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court.  *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require

them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## BACKGROUND

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 naming Warden Williams, Perry Correctional Institution, the South Carolina Department of Corrections ("SCDC"), and Director Stirling as respondents.[2] (ECF No. 1). Therein, he claims he was subject to unlawful prison disciplinary proceedings following an incident with a syringe. *Id*. at 2, 6-7. Though it is unclear whether he was ultimately convicted for the incident, (*id*. at 6; ECF No. 15 at 12), Petitioner claims he has been subject to illegal sanctions, including being placed in lock up, having his canteen privileges reduced, and having his personal property confiscated and/or not protected. (ECF No. 1 at 7, 9). As relief, he seeks to have his sanctions lifted, to be "paroled" or transferred to another dormitory or institution, and for the court to abolish lock up altogether.[3] *Id*. at 7, 9, 11, 12. Petitioner provides he did not appeal the disciplinary decision, file a grievance, or seek an administrative remedy because he was never released from lock up and "they" would not provide him with grievance forms.[4] *Id*. at 2.

---

[2] The magistrate judge subsequently directed the Clerk of Court to terminate from the docket all named respondents other than Warden Williams. (ECF No. 6 at 1).

[3] Petitioner also makes other requests that have no connection to the challenged disciplinary proceedings and sanctions. For example, he asks the court to order the respondents to fix his teeth, to prohibit a specific individual from transporting him, to remove the lock from a bathroom door, and to order SCDC to put margarine on his food tray. (ECF Nos. 1 at 13-14; 1-4 at 1). He also claims he is not fed frequently enough and that the cafeteria supervisors do not comply with the American Diabetes Association's recommendations on portion sizes. (ECF No. 1 at 13-14).

[4] He further notes that he "understands that this Petition is not a 'civil action' under 42 U.S.C. § 1983, but he was just trying to show this 'Honorable Court' of the gravity of 'pain and suffering' and punitive damages that the Respondent has caused him due to their 'unlawful imprisonment'

3

In her Report, the magistrate judge initially found that, despite Petitioner labeling his petition as one filed under § 2241, the petition should instead be construed as one filed under § 2254 since Petitioner is a state prisoner in custody pursuant to a state court judgment. (ECF No. 7 at 4-5). She also concluded the petition was subject to dismissal for a number of reasons. First, she noted the petition appeared successive. *Id*. at 6. In doing so, she explained Petitioner previously filed a § 2254 petition attacking his conviction, which the court dismissed by granting the respondent summary judgment. *Id*. at 6. Thus, because it did not appear Petitioner obtained authorization from the Fourth Circuit Court of Appeals to file the present petition, the magistrate judge concluded the court does not have jurisdiction to consider it. *Id*. at 7.

However, even if the petition is not properly considered successive, the magistrate judge determined the case is nevertheless subject to dismissal due to Petitioner's failure to exhaust his state court remedies and failure to state a claim upon which relief may be granted. (ECF No. 7 at 7-10). As to the latter, she explained Petitioner is not challenging the legality or duration of his custody but rather "complains that his prison disciplinary conviction, which resulted in disciplinary lockup and the loss of canteen, phone, and visitation privileges, was allegedly unconstitutional and illegal." *Id*. at 10. She noted Petitioner failed to demonstrate his "disciplinary conviction enhanced his sentence in such a way as to implicate a protected liberty interest and give rise to the protection of the Due Process Clause" or that the loss of these privileges imposed "an atypical and significant hardship." *Id*. at 11. In any event, she concluded "the loss of such privileges sound in claims under

---

of him." (ECF No. 1 at 7) (emphasis in original). Petitioner also provides other instances in which he alleges he was unlawfully confined. Those incidents include (1) when he was transferred to lockup after catching "the common cold with the 'sniffles'", *id*. at 9; (2) when he was transferred to lock up for asking for a room change due to having a cellmate of incompatible age and size, *id*. at 10; and (3) when he was placed in lock up for refusing to return to his cell after his cellmate allegedly threatened him, *id*.

4

§ 1983", *id*, and Petitioner made clear he was not intending to file an action under § 1983, (ECF No. 1 at 7).

Petitioner filed objections to the magistrate judge's Report wherein he disputes the magistrate judge's classification of his petition as one made under § 2254. (ECF No. 15 at 4). He states his petition "should '<u>not</u>' be construed as a [successive] § 2254 because [he is] '<u>not</u>' <u>challenging [his] 'underlying conviction</u>.'" *Id*. (emphasis in original). Rather, he is alleging he "was in custody (lock up) in violation of the Constitution (both) or laws or treaties of the United States." *Id*. at 5. In maintaining his petition should be treated as one filed under § 2241, he states "Petitioner, <u>simply put</u>, is challenging that his <u>Due Process Rights</u> and <u>Equal Protection Under the Law 'Rights'</u> were <u>violated</u> when he was locked up '<u>arbitrarily</u>' and his '<u>property</u>' was <u>stolen</u>" following unlawful and unconstitutional prison disciplinary proceedings. *Id*. at 6 (emphasis in original).

Additionally, Petitioner contests the magistrate judge's finding that he has failed to exhaust his administrative remedies. (ECF No. 15 at 8). He again claims he was locked up and denied grievance forms during the window for pursuing the grievance process. *Id*. However, he recognizes he has state avenues for raising the claims in this petition. *Id*. at 9. Finally, Petitioner disputes the magistrate judge's finding that he failed to state a claim upon which relief may be granted and reiterates his allegations concerning the disciplinary proceedings and sanctions. *Id*. at 9-11. However, in his amendment to his objections, Petitioner also states the disciplinary conviction "enhanced his sentence in such a way as to implicate a protected liberty interest and give rise to the protection of the Due Process Clause . . . because the 'bogus' conviction did impact 'the length' of his 'confinement' by tainting and desecrating his 'potential' eligibility to make 'parole.'" (ECF

No. 15-3 at 1). Additionally, in his objections, he requests that the court send him forms for filing a case pursuant to § 1983, which he has since received. (ECF Nos. 15-1 at 1; 18 at 1).

## DISCUSSION

The court agrees with the magistrate judge that, despite Petitioner's assertions to the contrary, the petition before the court is properly construed as a § 2254 petition. In *In Re Wright*, the Fourth Circuit Court of Appeals concluded that "regardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' for purposes of § 2244(b), even if they challenge the execution of a state sentence." *In Re Wright*, 826 F.3d 774, 779 (4th Cir. 2016). Furthermore, the court determined that such petitions "are subject to the second-or-successive authorization requirement set forth in § 2244(b)(3)." *Id.*

It is uncontested that Petitioner has previously filed a petition pursuant to § 2254, which was dismissed. *See Stutts v. Stevenson*, No. 8:11-cv-0191-TMC, dkt. entry 119 (D.S.C. Sept. 28, 2012) (dismissing the case); (ECF No. 15 at 4) (Petitioner's acknowledgement that he has previously filed a § 2254 petition that was dismissed). Accordingly, Petitioner must seek permission from the Fourth Circuit Court of Appeals prior to filing a second or successive § 2254 petition in the district court. 28 U.S.C. § 2244(b)(3). He has not done so. Therefore, this court is without jurisdiction to consider the petition.[5]

---

[5] The court need not reach the other issues raised in the Report and the objections thereto, as Petitioner's failure to seek permission to file a second or successive § 2254 petition is dispositive in this case. This order shall not be construed as having any opinion as to whether such permission would be granted if sought.

## CONCLUSION

Accordingly, having thoroughly reviewed the Report and the record under the appropriate standards, the court **ADOPTS** in part the magistrate judge's recommendation in the Report, (ECF No. 7). The petition for a writ of habeas corpus, (ECF No. 1), is **DISMISSED** without prejudice and without requiring the respondent to file an answer or return.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
December 19, 2024

## NOTICE OF RIGHT TO APPEAL[6]

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[6] When a § 2254 petition is dismissed on jurisdictional grounds for failure to seek permission pursuant to § 2244(b)(3), there is no requirement that the petitioner must obtain a certificate of appealability prior to filing an appeal. *See Justice v. Clarke*, 811 Fed. App'x 867, 868 (4th Cir. July 10, 2020) (denying as "unnecessary" a motion for a certificate of appealability where the petition was dismissed as a successive petition on jurisdictional grounds).